UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WISCONSIN CENTRAL LTD.,

        Plaintiff,

v.                                  Case No. 07-C-814

HILGY'S LP GAS, INC.,

        Defendant.

**ORDER GRANTING DEFAULT JUDGMENT**

Plaintiff Wisconsin Central Ltd. filed a complaint against Defendant Hilgy's LP Gas, Inc. in August 2006. The Defendant was served on October 2, 2006. An answer was thus due 20 days later, on October 23, 2006. Fed. R. Civ. P. 12(a)(1)(A)(i). No answer was filed. On December 21, 2006, a magistrate judge in the District of New Jersey (where the action was filed) issued a letter order directing the Plaintiff to seek the entry of default and default judgment. (Dkt. # 4.) Default was entered in March 2007, but by stipulated order the default was vacated and the case was transferred to this district. The stipulation reached by the parties required the Defendant to file an answer within thirty days of the transfer. Once transferred, the case was originally assigned to Chief Judge Randa, but the case was later transferred to this Court. No answer has ever been filed.

This Court held a scheduling conference on December 14, 2007, and nearly six months passed before the Plaintiff filed a motion for default judgment. The Plaintiff filed its motion for default, noting that despite the original entry of default, as well as the stipulated agreement reached in August 2007, the Defendant had still failed to file an answer to the complaint.

In its response, which itself was untimely, see Civil L.R. 7.1(b) (requiring response within 21 days of service of motion), the Defendant discusses recent changes to the rule governing when a clerk may enter a default. Fed. R. Civ. P. 55(a). Defendant notes that it has engaged in correspondence with the Plaintiff, appeared for the scheduling conference, and otherwise made noises akin to those made by a typical party contesting a civil action filed against it. Yet Rule 55(a) is not at issue here – default has not been entered by the clerk in this case. What is at issue is the Plaintiff's motion that *judgment* be entered on account of the Defendant's continued failure to file an answer. Even now, the Defendant has not sought leave for an extension of time to file an answer, and it seems doubtful it could establish the excusable neglect needed for an extension of time to be granted. *See* Fed. R. Civ. P. 6(b)(1)(B). The case is now more than a year-and-a-half old. Default judgment is clearly appropriate.

Indeed, accepting the Defendant's argument would mean an answer would never be required. As long as a Defendant appears and acts *as though* it had answered the complaint, it believes that should be enough to forestall entry of default judgment. But clearly that is not what the drafters of the Federal Rules intended: Rule 12(a)(1)(A) states that "[a] defendant *must* serve an answer . . ." The answer is the proper place to assert any defenses to the claims, and indeed Rule 8(b)(6) states that any allegations not denied in the responsive pleading are deemed admitted. Fed. R. Civ. P. 8(b)(6). By behaving as though no answer is required – despite the clear and repeated indications to the contrary – the Defendant has opened itself up to a judgment by default. Any other result would eviscerate Rules 12 and 8 and demonstrate undue tolerance for a repeated failure to comply with the clear requirements of federal civil practice.

2

Accordingly, the Plaintiff's motion for default judgment is **GRANTED** as to liability; the clerk is directed to remove the June 20 hearing on this matter from the calendar. The Defendant may file a brief in this Court within 7 days indicating its position with respect to the amount of damages claimed, or otherwise notify this Court if the parties can reach agreement on a final total.[1] Judgment will then be entered accordingly.

**SO ORDERED** this   11th   day of June, 2008.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1] The Plaintiff has now sought additional money from the Defendant, apparently as a result of demurrage charges incurred *since* the complaint was filed. As such, it is not clear whether these are appropriately included in a default judgment based on failure to answer the original complaint.

3