UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WISCONSIN CENTRAL LTD.,

    Plaintiff,

v.                                    Case No. 07-C-814

HILGY'S L.P. GAS INC.,

    Defendant.

**ORDER**

Default judgment was entered against the Defendant on June 11, 2008. The parties appeared for a default judgment hearing on August 1, 2008. The purpose of the hearing was to allow the Plaintiff to prove up its damages, in particular the specific damages it now seeks (some $19,250) in excess of the damages explicitly set forth in the complaint. The Defendant objects that judgment on such damages is not appropriate because they were not delineated in the complaint; it does not contest the substance of the additional amounts sought.

As set forth in the hearing, I conclude the additional damages should be incorporated into the judgment entered here. Fed. R. Civ. P. 54(c) states that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Although the specific figure of $19,250 was not sought in the complaint, the complaint also sought "any additional charges that may be due at the time of hearing." This was not simple boilerplate (such as a request for "whatever further relief the court deems necessary") but language designed to alert the defendant that there were additional charges based on the same allegations that might also be due. *Silge v. Merz,* 510

F.3d 157, 160 (2d Cir. 2007). A defendant considering defaulting in such circumstances would not be prudent to rely on the specific figure set forth and assume that that was the entirety of relief being sought. *Id.*[1]

The purpose of the hearing was to allow for proof (or disproof) of those additional damages, and I am satisfied that the Plaintiff has adequately supported its claim. (Wachal Decl., ¶ 4; Ex. 1.) The Defendant opposes the additional damages, but has not raised any specific dispute as to the propriety of the amount sought. Accordingly, the motion for default judgment is **GRANTED**, and judgment is to be entered in the amount of $60,750 in favor of the Plaintiff.

**SO ORDERED** this   4th   day of August, 2008.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1] Here, of course, the default was not calculated but due to neglect or inadvertence, and so it is arguable that these considerations even come into play.