UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WISCONSIN CENTRAL LTD.,

    Plaintiff,

v.                                      Case No. 07-C-814

HILGY'S L.P. GAS, INC.,

    Defendant.

**ORDER**

Default judgment in the amount of $60,750 was entered against Defendant Hilgy's L.P. Gas, Inc. (Doc. # 40.) Plaintiff now states that the Defendant has failed to pay the judgment. Plaintiff thus asks that the Defendant be ordered to submit to an examination of its finances. Fed. R. Civ. P. 69(a)(2). Rule 69 incorporates state collection procedures, which provide that "a judge of the county to which the execution was issued shall, upon motion of the judgment creditor, order such judgment debtor, whether an individual, firm, corporation or other association, to appear before the court or judge and answer concerning the judgment debtor's property at a time and place specified in the order." Wis. Stat. § 816.03.[1] Defendant has not responded to the motion.

---

[1] Though Plaintiff cites § 128.16, which allows a creditor to obtain an order requiring officers of a debtor corporation to testify about the corporation's property, § 816.03 governs supplementary proceedings. "Supplementary proceedings are actions initiated by unsatisfied judgment creditors to identify a debtor's property, other than real property, on which the creditor can execute his or her judgment. These proceedings, governed by chapter 816 of the Wisconsin statutes, are the statutory equivalent of a creditor's bill in equity at common law and follow essentially the same rules of law." *In re Badger Lines, Inc.*, 224 Wis. 2d 646, ¶ 12, 590 N.W. 2d 270, ¶ 12 (Wis. 1999) (citing *Alexander v. Wald*, 231 Wis. 550, 552, 286 N.W. 6 (1939)).

Pursuant to Rule 69(a)(2), I conclude that Plaintiff is entitled to obtain discovery upon the Defendant and its agents under the procedures provided for by state law. *See, e.g., Blaw Knox Corp. v. AMR Industries, Inc.,* 130 F.R.D. 400 (E. D. Wis. 1990).

**THEREFORE IT IS ORDERED** Carl Hilgendorf appear before this Court on April 16, 2009 at 2:30 p.m. for purposes of allowing counsel for Plaintiff to conduct a supplemental examination into the financial condition of Defendant and its ability to satisfy the judgment in this case. Hilgendorf is directed to bring with him:

> Copies of all federal and state income tax returns for Defendant from 2005-2008; a list of all Defendant's bank or deposit accounts of any nature, setting forth the name of the institution, the account number, the amount in the account and the complete title of the account, including owner or owners, in which the defendant has any interest; a list of all people or entities that owe any money to Defendant's, including the name, address and amount; all documents relating to the acquisition of any interest held by the defendant of any nature in any real estate and all documents relating to any known encumbrance against such interest (mortgage, lien, judgment, etc.); a list of all personal property with a value of over $300.00, as to each item, including furniture, tools, jewelry, firearms, boats, airplanes, snowmobile, motor vehicles, collections, etc.; all documents relating to any lawsuits in which the defendant is either a party plaintiff or a party defendant; a list of all creditors of the defendant, including name, amount, and whether reduced to judgment; any contracts under which the defendant is now receiving or has a future right to receive any payment, by listing the parties to the contract and the payment terms as to amounts, dates and conditions; a list of all business assets with notation as to the existence and identity of any encumbrances or liens there against.

Dated this   2nd   day of April, 2009.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge